UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>      v.<br>CHRISTOPHER LEE MCDERMOTT,<br><br>                              Defendant. | Case No. 2:15-mj-00301-PAL<br><br>ORDER<br><br>(Mot. for Detention) |

This matter is before the court on the government's oral motion to detain Defendant Christopher Lee McDermott. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The court has considered the motion, the arguments of counsel, and the recorded materials referenced in the government's proffer.

On March 23, 2015, a Complaint (Dkt. #1) was filed against McDermott, alleging one count: Distribution of a Controlled Substance – Marijuana in violation of 21 U.S.C § 841(a)(1) and 846. On March 25, 2015, McDermott made his initial appearance, and this court held a detention hearing pursuant to 18 U.S.C. § 3142(f). McDermott was present in custody with his counsel, Heather Fraley, Esq. Amber Craig, Esq., was present on behalf of the government.

In support of the motion, the government alleges there are serious risks that McDermott will not appear in court when required and is a danger to the community based in part on McDermott's recorded jail conversations. The court continued the detention hearing sua sponte until March 27, 2015, and instructed government counsel to make the materials referenced in her proffer available to defense counsel. Defense counsel opposed the motion at the continued hearing, arguing that the government overstated the content of the recorded calls. The court took the matter under advisement to review the recorded calls as the parties had widely divergent

1

views regarding their content. The court spent an entire judicial day reviewing approximately *six hours and thirty four minutes* of recorded calls, which were not indexed or culled in any way. On balance, the calls do not support the government's position that McDermott is attempting to temper with witnesses or is in the process of attempting to destroy evidence. It is evident that McDermott has been aggressively attempting to raise funds to bail out of jail and is anxious about his physical condition.

After considering the totality of circumstances and the factors stated in 18 U.S.C. § 3142(g), the court finds conditions of release may be fashioned to reasonably assure McDermott's appearance in court when required and the safety of the community. Accordingly,

**IT IS ORDERED:**

1. The government's Motion for Detention is DENIED;

2. McDermott shall be released on a Personal Recognizance Bond with the following conditions of release:

    a. Pretrial Services Supervision;

    b. The defendant must not violate federal, state, or local law while on release;

    c. The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose;

    d. Submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

        i. **Home Detention / GPS Monitoring**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

/ / /

     ii. You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

 e. Refrain from the illegal use or possession of controlled substances;

 f. Do not associate with or be in the presence of those using or possessing controlled substances;

 g. Submit to drug testing as directed by Pretrial Services and pay costs based upon ability to pay;

 h. Actively seek and maintain lawful and verifiable employment and notify Pretrial Services prior to any change;

 i. Do not obtain a new passport or any other travel documents;

 j. Travel is restricted to Clark County, Nevada;

 k. Maintain current residence and phone numbers and do not move without Pretrial Services prior approval;

 l. Refrain from the use or possession of a firearm or destructive device or other dangerous weapon;

 m. Submit to mental health treatment as deemed necessary by Pretrial Services and pay associated costs, based upon availability;

 n. Have no contact with co-defendants, alleged witnesses or potential victims; and

 o. Surrender and shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.

3. McDermott shall report to Pretrial Services no later than 10:00 a.m. the day after release.

Entered this 31st day of March, 2015.

                PEGGY A. LEEN
                UNITED STATES MAGISTRATE JUDGE